UNITED STATES COURT OF APPEALS
FOR THE _Alabama_ CIRCUIT

Christine McKim
_Petitioner_

Appeals Ct. No. _____

v.

District Ct. No. 2:16-cv-08033-AKK
2:08-CR-00313-IPJ-RRA

THE UNITED STATES OF AMERICA

---

APPLICATION FOR LEAVE TO FILE A SUCCESSIVE PETITION PURSUANT
TO 28 U.S.C. §2255

---

COMES NOW, Christine McKim , pro se, filing an
application for leave to file a successive petition pursant to
28 U.S.C. §2255.

GROUNDS FOR RELIEF:

Petitioner asserts the following:

1. Petitioner filed a 28 U.S.C. §2255 motion in the
   Northern District of Alabama
   on ~~April 29, 2016~~ June 23, 2016
2. The motion was denied on June 24, 2016.
3. Congress has imposed a one-year limitation on successsive
   petitions applicable to collateral review.
4. Petitioner's grounds are based upon Johnson v. United
   States, 135 S.Ct. 2551 (2015). It was decided on
   June 26, 2015. Petitioner is timely in filing a
   successive motion.

WHEREFORE, Petitioner respectfully requests this court grant
this application for leave to file a successive petition
pursuant to 28 U.S.C. §2255.

Respectfully submitted this 28th day of June , 2016.

Christine McKim
Inmate No. 27201-001

Attachment

On June 23, 2016, the Court dismissed McKim's timely filed Johnson addendum to the 2255 that had not been decided. McKim did not file for a "Second or Successive" because she was still waiting on response from her initial 2255 which was ruled on June 24, 2016.

United States v Gonzalez (2008, CA10 Ok/A)
        2008 US App Lexis 26135
The appellate court determined that the proper way to construe the amended motion was a second or successive habeas petition because judgement had been entered on his initial habeas petition long before he filed the amended motion.

McKim filed amended **before** judgement was entered on her initial 2255 motion. "Second or Successive" was not required. Therefore authorization from court of appeals was not needed.

June 20, 2016

Court Clerk
Northern District of Alabama
Hugo Black Court House
1729 5th Ave N
Birmingham AL 35203

Re: Supplement Addition to 2255
    Case: 2:08-cr-00313-IPJ-RRA-2

Dear Court Clerk,

 Please add the following to current 2255 that was filed on April 22, 2016. This is an addition not a replacement. If this is not the correct procedure please advise of how I need to do this but, show the filing date as timely and allow an extention for the correction. I would also like to request an attorrey.

                              Thank you,

                              Christine Mckim

*Letter sent with motion for Johnson.*
*sent on June 20, 2016*

USCA11 Case: 16-14731    Document: 2    Date Filed: 07/05/2016    Page: 4 of 10

FILED
2016 Jun-24 PM 01:5
U.S. DISTRICT COURT
N.D. OF ALABAM

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| CHRISTINE STAGGS MCKIM, | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **2:16-cv-8033-AKK** |
| | ) | **UNDER SEAL** |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## ORDER

The court has for consideration Petitioner's Motion to Vacate, Set Aside or

Correct Sentence pursuant to 28 U.S.C. §2255. Doc. 1. Petitioner's motion to seal the

proceedings in this case, doc. 2, is **GRANTED**. The motion to vacate is based on

Petitioner's contention that her trial counsel provided ineffective assistance by,

among other things, failing to file an appeal, and on her contention that her sentence

of 5,400 months is cruel. Doc. 1 at 4 – 8, 14 – 21. Petitioner's motion is untimely

because under 28 U.S.C. §2255(f), "[a] 1-year period of limitation shall apply to a

motion under this section." The court issued the judgment in Petitioner's case on July

20, 2009. *See* Crim. Doc. 37.[1] Petitioner did not file an appeal, albeit because of her

contention that she could not reach her counsel. Doc. 1 at 4 – 6, 14 – 21. Instead, she

waited until April 29, 2016, almost seven years later, to file this motion. *See* doc. 1.

---

[1] Crim. Doc. refers to the docket entries in the underlying criminal case, *United States v. McKim,* 2:08-cr-313-IPJ.

Although Petitioner excuses her delay by claiming she tried unsuccessfully to reach her lawyer to file an appeal, as she notes in her motion, she abandoned those efforts in January 2010 by requesting a new lawyer, *see* Crim Docs. 43 and 44, and when the court denied her request for a new lawyer, she decided not to ask anyone else to help her with her case "due to the type of crime it was." Doc. 1 at 11. In other words, there is nothing in the motion that would warrant the extension of the one year statute of limitations to April 2016. Accordingly, because Petitioner filed this motion well outside the one year period of limitation provided by 28 U.S.C. §2255(f), Petitioner's motion is **DENIED.**[2]

Done this the 24th day of June, 2016.

ABDUL K. KALLON
UNITED STATES DISTRICT JUDGE

---

[2] On June 23, 2016, Petitioner filed a second motion to reduce her sentence pursuant to *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551 (2015). *See* doc. 3. This motion is a "second or successive" motion under § 2255, over which the court lacks subject matter jurisdiction until the court of appeals authorizes the filing of the motion. As part of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress amended § 2255 to limit the filing of "second or successive" motions attacking federal convictions and sentences. Subsection (h) of § 2255 now requires that "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals. . . ." Because Petitioner has not alleged or shown that the court of appeals has authorized her to file this successive motion, the court does not have jurisdiction over this matter. *See, e.g., United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005) ("Without authorization [from the court of appeals], the district court lacks jurisdiction to consider a second or successive petition.") (citation omitted). Therefore, the court **DISMISSES** the motion without prejudice for want of subject matter jurisdiction.

Dismissal of Johnson was done before Judgement on 2255

2

McKim was enhanced as a repeat offender by 5 points. Pursuant +4B1.5 Repeat and Dangerous sex offense against a minor. Counts 1-21 do not meet the requirements for the 5 point enhancement that was given for pattern of activity McKim did not have any prior sex offenses and it was noted in her PSI that this did not apply to her yet she was still given these points. The Johnson case has addressed enhancements for priors and McKim has none. There hasn't been a pattern of any activity. Therefore her offense level that is a 51 is incorrect. The Johnson decision has changed how the courts should look at each case. Johnson concluded that the process of determining what is embodied in the "ordinary case" rather than "real world facts" is fatally flawed rendering enhancements unconstitutionally vague. "Grave uncertainty surrounds the method of determining the risk posed by Judicially imagined ordinary case" Johnson @ 2257. The residual clause offers no reliable way to choose between "competing accounts of what "ordinary "involves" Id. 2258. The Johnson court considered and rejected different ways that a court might envision the hypothetical ordinary case since the statute offers no guidance. Specifically, the court explained that a statistical analysis of reported surveys, expert evidence, Google, and gut feeling are all equally unreliable in determining the ordinary case. Id @ 2257, quoting United States v Mayer, 560 F.3D 948, 952 (9th Cir 09) McKim's counts were also "Grouped" into 6 groups but yet sentence to each individual count. This is another enhancements that is a direct violation of her rights.

It is unconstitutionally vague as to the reason for the groups other then an additional enhancement that should be only applied to a repeat offender, just like the pattern of activity enhancement. Johnson has concluded that the statistical and "common sense" methods have "failed to establish any generally applicable test that prevents the risk comparison required by the residual clause from delving into guesswork and intuition." Johnson @ 2259 ( refering to Chambers v United States, 555 U.S. 122 (2009) and Sykes v United States, 564 U.S. 1 (2011). This flaw alone establishes the residual clause's and enhancements unconstitutionally vague. This also falls into Double Jeopardey and Multplicity. All of these enhancements, that are vague and Do NOT apply to McKim. this is the only way that she was given an unjust sentence of 30 years x 15 which equals 450 years for a first time offender. McKim was forced to do what she was told. Her co-defendant had made several threats to harm her and her children. He was arrested on one instince. Under the 18 U.S.C. 924 (c) (3) (A) a felony that "has as an element the use, attempted use, or threatned use of physical force against the person or property of another," or (b) a felony "that by its nature involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" 18 U.S.C. 924 (c) (3) (B) and 18 U.S.C. 924 (c) (3) (A) is referred to as the residual clause and the force clause.

McKim was also given a 4 points enhancements for Sado which this also fits into the unconstitutionally vagueness that the Johnson case has referenced. Again gut insticts are flawed and are equally unreliable in determing what is and is not in this catagory. McKim had no control or willingness in any of the situations that have been charged against her.

U.S. v Brown (no.13-1706) (2nd Cir June 14, 2006) at sentencing the district court sentenced Brown to 60yrs imprisonment. (Three 20year sentences to be run consectutivly). The court noted Brown allegedly " destroyed the lives of 3 specific children" the children in Browns case had "no Knowledge" of being victimized by Brown:" So there was "no negative impact". The court concluded that it was appropriate to remand for resentencing to ensure that the sentence is not based on erroneous understanding of the facts. Although the court expressed no definitive view on the Subtantivie reasonableness of the original sentence imposed, the court respectfully

Suggest that the district Cart consider whether an effective life sentence is wurrented in this case. McKim's enhancements should not include the 5 points for pattern of activity nor the 5 units for groups. She should also not have 4points enhancement for Sado which she was forced into. McKim sentence has been run consective to be a life sentence without the merits to make this even possible.

Certificate of Service

I declare under the penalty of perjury that the foregoing is true and correct and the Leave to File was placed in the prison mailbox on June 28, 2016.

Christine McKim 27201-001

Sent to:
Tuttle Court of Appeals Building
56 Forsyth Street N.W.
Atlanta GA 30303

From:
Christine McKim  27201-001
Federal Correction Inst
PO Box 4000
Aliceville Al 35442